UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DOUG LONGHINI, Individually,      :
     :
         Plaintiff,      :
     :
vs.      :      Case No.
     :
DEW SEVEN, LLC, a Florida Limited Liability : 
Company, and BIG LOTS STORES, INC., an    :
Ohio Corporation,      :
     :
         Defendants.      :
_____/

## COMPLAINT
(Injunctive Relief Demanded)

Plaintiff, DOUG LONGHINI, Individually, and on behalf of all other mobility impaired individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendants, DEW SEVEN, LLC, a Florida Limited Liability Company, and BIG LOTS STORES, INC., an Ohio Corporation, (sometimes referred to as "Defendants"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1. Plaintiff, Doug Longhini, is an individual residing in Miami, Florida, in the County of Miami-Dade.

2. Defendants' properties, Tri City Shopping Center, and Big Lots, are located at 1001-1045 S. Dillard St., Winter Garden, FL 34787, in the County of Orange.

3. Venue is properly located in the Middle District of Florida because venue lies in the judicial district of the property situs. The Defendants' properties are located in, and do business within, this judicial district.

1

4.    Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendants' violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.  See also 28 U.S.C. § 2201 and § 2202.

5.    Plaintiff Doug Longhini is a Florida resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA.  Doug Longhini has cerebral palsy and requires the use of a wheelchair to ambulate.  Mr. Longhini has very limited use of his hands and cannot operate any mechanisms which require tight grasping or twisting of the wrist.

6.    Mr. Longhini regularly visits Winter Garden, FL to see friends, to patronize the tourist attractions (including holding an annual pass to Universal Studios), to dine, to shop, to enjoy its unique culture, and to advocate for the rights of the disabled to have equal access to public accommodations.  Mr. Longhini has been to the subject shopping center including Big Lots, and other tenants, on many occasions, including visits that were documented by an ADA expert on June 20, 2018, and August 5, 2020.  He plans to return to the subject properties in the near future, and a regular basis like he has done in the past. He also plans to return to the properties to test for ADA compliance.

7.    The ADA violations set forth herein, have endangered Mr. Longhini's safety, and will in the future continue to endanger his safety, until the barriers are corrected.

8.    Defendant, Dew Seven, LLC, owns the subject shopping center, and Defendant Big Lots Stores, Inc., leases its retail store at the shopping center from Defendant Dew Seven, LLC.  Defendant, Dew Seven, LLC, also leases space in the Tri-City Shopping Center to El Rey De La Papa restaurant.

2

9.     Defendants own, lease, (or lease to), or operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendants are responsible for complying with the obligations of the ADA.

10.     The subject property, a shopping center, as well as the retail stores located therein, are operated by private entities whose operation affect commerce and are a public accommodation as defined by the ADA and its implementing regulations. See, 28 CFR § 36.104.

11.     Doug Longhini has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the property as described. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendants. Doug Longhini desires to visit Tri City Shopping Center and its tenants, not only to avail himself of the goods and services available at the property, but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

12.     The Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq., as described in paragraph 14.

13.     Structures that existed before January 26, 1993, like the subject property, need not meet the same design and implementation standards as facilities built after that date. "Congress enacted the ADA on January 26, 1993. After this date, facilities have to meet exacting design and implementation standards to be in compliance with the ADA. The ADA imposes different requirements on the owners and operators of facilities that existed prior

3

to its enactment date.  For those facilities, the ADA states that discrimination includes a private entity's "failure to remove architectural barriers… where such removal is readily achievable." 42 U.S.C. § 12182 (b)(2)(A)(iv).   "Where removal is not readily achievable," failure of the entity to make goods, services and facilities "available through alternative methods if such methods are readily achievable," may constitute discrimination under the ADA.  42 U.S.C. § 12182 (b)(2)(A)(iv).

The ADA defines "readily achievable as "easily accomplishable and without much difficult or expenses." 42 U.S.C. § 12181(9).

Congress included in the ADA factors to be considered in evaluating whether removal of a barrier is "readily achievable."  These factors are (1) nature and cost of the action; (2) overall financial resources of the facility or facilities involved; (3) number of persons employed at such facility; (4) effect on expenses and resources; (5) impact of such action upon the operation of the facility; (6) overall financial resources of the covered entity; (7) overall size of the business of a covered entity; (8) the number, type, and location of its facilities; (9) type of operation or operations of the covered entity, including composition, structure, and functions of the workforce of such entity, and (10)geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity.  Garthright-Dietrich v. Atlanta Landmarks, Inc., 452 F. 3d 1269. 1272-73 (11th Cir. 2006)

The obligation to engage in readily achievable barrier removal is a continuing one.  Over time, barrier removal that initially was not readily achievable may later be required because of changed circumstances.  DOJ ADA Technical Assistance Manual, Sec. III 4.400, Continuing Obligation.

4

14. Nevertheless, if the subject facility was altered after January 26, 1993, that alteration must be readily accessible to and useable by individuals with disabilities in accordance with the Americans with Disabilities Act Guidelines to the maximum extent feasible. 28 CFR. Part 36.404. Additionally, if the Defendants' facilities includes portions that were designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendants' newly constructed portions of the facilities, must be readily accessible and useable by persons with disabilities.

15. A preliminary inspection of the Tri City Shopping Center and Big Lots has shown that violations exist. These violations that Doug Longhini has personally encountered or observed include, but are not limited to:

**Nos. 14 A–E are Applicable To Defendant Dew Seven, LLC Only**

**Parking**

A. There are accessible parking spaces that do not provide signs designating them as accessible, violating Section 4.6.4 of the ADAAG and Section 502.6 of the 2010 ADA Standards, whose resolution is readily achievable. Recommendation: Provide signage with the International Symbol of Accessibility (ISA) mounted at 60" minimum above the finish floor or ground surface measured to the bottom of the sign in front of the two designated accessible parking spaces in accordance with Section 502.6 of the 2010 ADA Standards. Cost: $150. The removal of this barrier is readily achievable as it is cited as an example of readily achievable in Section 36.304(b)(18) Removal of barriers – Creating designated accessible parking spaces.

**Entrance Access and Path of Travel**

B. The Plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes from the public sidewalk. These are violations of the requirements in Sections 4.3.2(1), 4.3.8, 4.5.1, and 4.5.2 of the ADAAG and Sections 206.2.1, 302.1, 303, and 402.2 of the 2010 ADA Standards, whose resolution is readily achievable. Cost: $3,500. The removal of this barrier to access is readily achievable as it is cited as an example of readily achievable in Section 36.304(b)(1) Removal of barriers – Installing ramps.

5

C.  The Plaintiff had difficulty using some of the curb ramps, as the slopes are excessive. Violation: There are curb ramps at the facility that contain excessive slopes, violating Section 4.7.2 of the ADAAG and Sections 405.2 and 406.1 of the 2010 ADA Standards, whose resolution is readily achievable. Recommendation: Install a curb ramp with a running slope not greater than 8.33% in accordance with Sections 405.2 and 406.1 of the 2010 ADA Standards. Cost: $3,500. The removal of this barrier to access is readily achievable as it is cited as an example of readily achievable in Section 36.304(b)(1) Removal of barriers – Installing ramps.

D.  The Plaintiff experienced a hazardous situation as curb ramps protrude into the vehicular pathway. Violation: There are curb ramps at the facility that project into vehicular areas, violating Section 4.7.6 of the ADAAG and Section 406.5 of the 2010 ADA Standards, whose resolution is readily achievable. Recommendation: Install a curb ramp with a running slope not greater than 8.33% in accordance with Sections 405.2 and 406.1 of the 2010 ADA Standards. Cost: $3,500. The removal of this barrier to access is readily achievable as it is cited as an example of readily achievable in Section 36.304(b)(1) Removal of barriers – Installing ramps.

E.  The Plaintiff could not enter tenant spaces without assistance, as the required level landing is not provided. Violation: A level landing that is 60 inches minimum perpendicular to the doorway is not provided at accessible entrances violating Section 4.13.6 and Figure 25(a) of the ADAAG and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

## Nos. 14 F–L are Applicable To Defendants Dew Seven, LLC and Big Lots Stores, Inc.

## Big Lots

## Entrance Access and Path of Travel

F.  The Plaintiff could not traverse through areas of the store, as the required 36" path isn't provided due to objects that obstruct the path of travel. Violation: There isn't a continuous path of travel connecting all essential elements of the store, in violation of Sections 4.2.1 & 4.3.3 of the ADAAG, 28 CFR 36.211, and Section 403.5.1 of the 2010 ADA Standards, whose resolution is readily achievable. Recommendation: Rearrange the merchandise to provide a continuous accessible path of travel through the store. Also, institute a policy maintaining the required clearances and clear floor space at accessible elements in accordance with Section 36.211 of the 2010 ADA Standards. Cost: $0. The removal of this barrier to access is readily achievable as this barrier is cited as an example of readily achievable in Section 36.304(b)(4) Removal of barriers - Rearranging tables, chairs, vending machines, display racks, and other furniture.

**Public Restrooms**

G.   The Plaintiff had difficulty using the restroom door without assistance, as the door hardware requires tight grasping and twisting of the wrist to operate. Violation: The restroom door has non-compliant hardware for disabled patrons, violating Section 4.13.9 of the ADAAG. Recommendation: Provide door hardware on the restroom door operable with one hand and not require tight grasping, pinching, or twisting of the wrist. The force required to activate operable parts shall be 5 pounds maximum in accordance with Section 309.4 of the 2010 ADA Standards. Cost: $125. The removal of this barrier to access is readily achievable as this barrier is cited as an example of readily achievable in Section 36.304(b)(11) Removal of barriers - Installing accessible door hardware.

H.   The Plaintiff had difficulty entering the restroom without assistance, as the door threshold is too high. Violation: There are threshold rises in excess of ½ inch at the restroom entrances, violating Section 4.13.8 of the ADAAG and Section 404.2.5 of the 2010 ADA Standards, whose resolution is readily achievable. Cost: $125. The removal of this barrier to access is readily achievable as the cost is less than some the other examples of readily achievable listed in Section 36.304(b) Removal of barriers.

I.   The Plaintiff could not transfer to the toilet without assistance, as a trashcan obstructed the clear floor space in the accessible toilet compartment. Violation: The required clear floor space is not provided next to the toilet, violating Section 4.16.2 and Figure 28 of the ADAAG, 28 CFR 36.211, and Section 604.3 of the 2010 ADA Standards, whose resolution is readily achievable. Cost: $0. The removal of this barrier to access is readily achievable as this barrier is cited as an example of readily achievable in Section 36.304(b)(4) Removal of barriers - Rearranging tables, chairs, vending machines, display racks, and other furniture.

J.   The Plaintiff could not flush the toilet without assistance, as the flush valve is not mounted on the wide area. Violation: The flush valve is not mounted on the compliant side in violation of Section 4.16.5 of the ADAAG and Section 604.6 of the 2010 ADA Standards, whose resolution is readily achievable. Cost: $250. The removal of this barrier to access is readily achievable as the cost is less than some the other examples of readily achievable listed in Section 36.304(b) Removal of barriers.

K.   The Plaintiff could not transfer to the toilet without assistance, as grab bars are not at the required locations. Violation: The grab bars do not comply with the requirements prescribed in Section 4.16.4 and Figure 29 of the ADAAG and Sections 604.5 and 609 of the 2010 ADA Standards, whose resolution is readily achievable. Cost: $150. The removal of this barrier to access is readily achievable as this barrier is cited as an example of readily achievable in Section 36.304(b)(12) Removal of barriers – Installing grab bars in toilet stalls.

L.      The Plaintiff had difficulty using the toilet without assistance, as it is not mounted at the required distance from the side wall. Violation: The water closet is mounted at a non-compliant distance from the side wall, violating Section 4.16.2 and Figure 28 of the ADAAG and Section 604.2 of the 2010 ADA Standards, whose resolution is readily achievable. Recommendation: Re-position the water closet so that the centerline of the water closet is 16" minimum to 18" maximum from the side wall to comply with Section 604.2 of the 2010 ADA Standards. Cost: $800. The removal of this barrier to access is readily achievable as the cost is less than some the other examples of readily achievable listed in Section 36.304(b) Removal of barriers.

**Nos. 14 M-T Are Applicable To Defendant Dew Seven, LLC Only**

**El Rey De La Papa Restaurant**

**Public Restrooms**

M.      There are permanently designated interior spaces without proper signage, violating Section 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards, whose resolution is readily achievable. Cost: $125. The removal of this barrier to access is readily achievable as the cost is less than some the other examples of readily achievable listed in Section 36.304(b) Removal of barriers.

N.      The Plaintiff had difficulty using the locking mechanism on the restroom door without assistance, as it requires tight grasping. Violation: The restroom door has non-compliant hardware for disabled patrons, violating Sections 4.13.9 & 4.27.4 of the ADAAG and Sections 309.4 & 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable. Recommendation: Provide door hardware on the restroom door operable with one hand and not require tight grasping, pinching, or twisting of the wrist. The force required to activate operable parts shall be 5 pounds maximum in accordance with Section 309.4 of the 2010 ADA Standards. Cost: $125. The removal of this barrier to access is readily achievable as this barrier is cited as an example of readily achievable in Section 36.304(b)(11) Removal of barriers - Installing accessible door hardware.

O.      The Plaintiff could not use the lavatory without assistance, as the required knee and toe clearance is not provided. Violation: There are lavatories in the accessible guestrooms without the required clearances provided, violating the requirements in Section 4.19.2 and Figure 31 of the ADAAG and Sections 306 and 606.2 of the 2010 ADA Standards, whose resolution is readily achievable. Recommendation: Install a lavatory to comply with Sections 306 and 606.2 of the 2010 ADA Standards. Cost: $500. The removal of this barrier to access is readily achievable as the cost is less than some the other examples of readily achievable listed in Section 36.304(b) Removal of barriers.

P.     The Plaintiff could not transfer to the toilet without assistance, as a trashcan obstructed the clear floor space in the accessible toilet compartment. Violation: The required clear floor space is not provided next to the toilet, violating Section 4.16.2 and Figure 28 of the ADAAG, 28 CFR 36.211, and Section 604.3 of the 2010 ADA Standards, whose resolution is readily achievable. Recommendation: Re-locate the trashcan away from the restroom exit door in order to provide the required maneuvering clearance in compliance with Section 404.2.4 of the 2010 ADA Standards. Also, institute a policy maintaining the required clearances and clear floor space at accessible elements in accordance with Section 36.211 of the 2010 ADA Standards. Cost: $0. The removal of this barrier to access is readily achievable as this barrier is cited as an example of readily achievable in Section 36.304(b)(4) Removal of barriers - Rearranging tables, chairs, vending machines, display racks, and other furniture.

Q.     The Plaintiff could not transfer to the toilet without assistance, as the rear grab bar is missing and the side grab bar is not the required length. Violation: The grab bars do not comply with the requirements prescribed in Section 4.16.4 and Figure 29 of the ADAAG and Sections 604.5 and 609 of the 2010 ADA Standards, whose resolution is readily achievable. Recommendation: Mount a rear grab bar in accordance with Sections 604 and 609 of the 2010 ADA Standards. Cost: $150. The removal of this barrier to access is readily achievable as this barrier is cited as an example of readily achievable in Section 36.304(b)(12) Removal of barriers – Installing grab bars in toilet stalls.

R.     The Plaintiff could not use the toilet paper dispenser without assistance, as it is not mounted at the required location. Violation: The toilet paper dispenser is not mounted in accordance with Section 4.16.6 and Figure 29 of the ADAAG and Section 604.7 of the 2010 ADA Standards, whose resolution is readily achievable. Recommendation: Re-position the toilet paper dispenser to comply with Section 604.7 of the 2010 ADA Standards. Cost: $50. The removal of this barrier to access is readily achievable as the cost is less than some the other examples of readily achievable listed in Section 36.304(b) Removal of barriers.

S.     The Plaintiff could not flush the toilet without assistance, as the flush valve is not mounted on the wide area. Violation: The flush valve is not mounted on the compliant side in violation of Section 4.16.5 of the ADAAG and Section 604.6 of the 2010 ADA Standards, whose resolution is readily achievable. Recommendation: Mount the flush control on the open side of the water closet to comply with Sections 604.6 and 309 of the 2010 ADA Standards. Cost: $250. The removal of this barrier to access is readily achievable as the cost is less than some the other examples of readily achievable listed in Section 36.304(b) Removal of barriers.

T.     The Plaintiff could not use the toilet without assistance as the seat is mounted too low from the floor. Violation: The water closet seats are mounted at a non-compliant height from the floor in violation of Section 4.16.3 of the ADAAG and Section 604.4 of the 2010 ADA Standards, whose resolution is readily achievable. Recommendation: Install a raised toilet seat to comply with Section 604.4 of the 2010 ADA Standards. Cost $150. The removal of this barrier to access is readily achievable as this barrier is cited as an example of readily achievable in Section 36.304(b) (15) Removal of barriers –Installing a raised toilet seat.

**Nos. 14 U – Is Applicable To Defendant Dew Seven, LLC and Big Lots Stores, Inc.**

**Maintenance**

U.     The accessible features of the facility are not maintained, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR 36.211.

15.    All of the foregoing violations are also violations of the 1991 Americans with Disabilities Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

16.    The discriminatory violations described in paragraph 14 are not an exclusive list of the Defendants' ADA violations.  Plaintiff requires the inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.  The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendants' buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above.  The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

17.    Defendants have discriminated against the individual by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facilities in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendants continue to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

18.    Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendants, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

19.    Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendants to alter the Tri City Shopping Center and Big Lots to make those facilities readily accessible to and useable by the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facilities until such time as the Defendants cure its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a.    The Court issue a Declaratory Judgment that determines that the Defendants at the

commencement of the subject lawsuit are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b.  Injunctive relief against the Defendants including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c.  Require the Defendants to maintain its accessible features on an ongoing basis, as required by law.

d.  An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

e.      Such other relief as the Court deems just and proper, and/or is allowable under

Title III of the Americans with Disabilities Act.

Respectfully Submitted,

John P. Fuller, Esquire
Florida Bar No. 276847
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
(305) 891-5199
(305) 893-9505 - Facsimile
jpf@fullerfuller.com

By: _____
      John P. Fuller, Esq. (FBN 276847)

Counsel for Plaintiff Doug Longhini

#5662-Dew Seven, LLC Complaint (slm 9-16-20).wpd